**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-05-1036 |
| UNITED STATES PAROLE COMMISSION | : | |
| Respondent | : | |

. . . .o0o. . . .

**MEMORANDUM**

Pending in this case is Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus.[1] Paper No. 9. Petitioner has filed, in response to the motion, a Motion for Summary Judgment. Paper No. 11. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. For the reasons set forth below, the Petition for Writ of Habeas Corpus shall be dismissed as moot.

**Background**

Petitioner claims that Respondent has not provided him a prompt parole revocation hearing in violation of his due process rights and applicable federal regulations. Paper No. 1. Attached as an exhibit to the petition is a notice issued by the Parole Commission withdrawing the detainer for parole violation charges against Petitioner. *Id*.

Respondent asserts that this court has no jurisdiction to consider the petition and seeks dismissal. Paper No. 9 at p. 4. Petitioner was incarcerated at the United States Penitentiary in Lee County, Virginia,

---

[1] Also pending is Petitioner's Motion to Object to Respondent's Motion for Extension of Time. Paper No. 8. In light of the fact that Respondent's Motion for Extension of Time was granted for good cause shown, the Motion to Object shall be denied.

located in the Western District of Virginia, at the time the instant petition was filed. *Id*. at p. 1. Petitioner has not been transferred to a prison in Maryland while this action has been pending. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426, ___, 124 S. Ct. 2711, 2724 (2004), Respondent claims that a court is limited to granting habeas relief within its respective jurisdiction. *Id*.

Petitioner asserts that this court has proper jurisdiction over the merits of his claim because the United States Parole Commission is headquartered in Maryland. Paper No. 11 at Ex. 3. He relies on a previous decision issued by this court stating that:

> Although jurisdiction over an action filed under § 2241 lies traditionally in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located, Petitioner's challenge to the USPC's detainer lodged against him makes the USPC a proper respondent. Because the USPC is headquartered in Maryland, the court has jurisdiction over the instant petition. *See McCoy v. United States Bd. of Parole*, 537 F.2d 962, 964-65 (8th Cir.1976) (Board of Parole, which issued warrant and lodged detainer, and not warden of detaining institution, is proper respondent); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973); *Boone v. United States Parole Commission*, 648 F. Supp. 479, 480 (D.Md. 1986).

*Watts v. United States District Court*, Civil Action No. DKC-03-464 (D. Md. 2003).

The Supreme Court addressed the impact of the *Rumsfeld* opinion on its previous holding in *Braden*, as follows:

> [W]e fail to see how *Braden's* requirement of jurisdiction over the respondent alters the district of confinement rule for challenges to present physical custody. *Braden* itself did not involve such a challenge; rather, Braden challenged his future confinement in Kentucky by suing his Kentucky custodian. We reasoned that "[u]nder these circumstances it would serve no useful purpose to apply the Ahrens rule and require that the action be brought in Alabama." In habeas challenges to present physical confinement, by contrast, the district of confinement is

2

> synonymous with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district.

*Rumsfeld*, 542 U.S. at ____, 124 S. Ct. at 2723.

In the instant case, Petitioner appears to challenge his future confinement based upon a parole violation detainer issued by Respondent. Paper No. 1. If that is the sole claim raised in the petition,[2] this court would have jurisdiction over the claim because the United State Parole Commission, headquartered in Maryland, is the proper Respondent. This claim, however, is now moot because the detainer was withdrawn by Respondent and presents no basis for Petitioner's future incarceration. Paper No. 9 at Ex. 5. Thus, the petition must be dismissed.

Accordingly, by separate order which follows, the Petition for Writ of Habeas Corpus shall be dismissed.

____10/6/05_____            _____/s/_____
Date                                  DEBORAH K. CHASANOW

---

[2] If Petitioner asserts that allowing the sentence from which he was paroled to expire and subsequently withdrawing the parole revocation detainer has violated his due process rights, Paper No. 4, he has failed to state how these actions have harmed him. He remains in custody serving a 4 to 12 year sentence imposed in 1999 by the Superior Court of the District of Columbia. Paper No. 9 at Ex. 6. The parole revocation warrant that was lodged as a detainer against Petitioner was never executed, which meant that Petitioner was never entitled to a parole revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (prisoner is not entitled to parole revocation hearing until the warrant has been executed); *see also Gaddy v. Michael*, 519 F. 2d 669, 673 (4th Cir. 1975) (delay in parole revocation must be both unreasonable and prejudicial to parolee). To the extent that he seeks to challenge his present confinement, the challenge must be brought in Virginia.

United States District Judge