# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANDRE SYLVESTER WATTS          :

   Petitioner                              :

v                                              :          Civil Action No. DKC-05-1036

UNITED STATES PAROLE COMMISSION     :

   Respondent                           :

. . . .o0o. . . .

## MEMORANDUM

Pending in the above-captioned case is Petitioner's Motion for Reconsideration. Paper No. 15. This court dismissed the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. 2241, upon a finding that there was no jurisdiction. Paper Nos. 13 and 14. In his Motion for Reconsideration, Petitioner again asserts that Respondent never properly executed the parole violation warrant which denied him the right to a prompt revocation hearing. Paper No. 15 at p. 1. For the reasons that follow, Petitioner's motion, construed as a motion to alter or amend, shall be denied.

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,* 116 F.3d 110, 112 (4th Cir.1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to

address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir.1992)). In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright *et al.*, *supra*, § 2810.1, at 124, *see also Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).

      Petitioner's Motion for Reconsideration simply reiterates assertions already made. He has presented no additional evidence unavailable to him previously that merits reconsideration of this court's observation that the parole revocation warrant, having been withdrawn, presents no basis for his future incarceration. Paper No. 13 at p. 3. In addition, Petitioner has not presented newly discovered evidence that he has somehow been harmed by the withdrawal of the parole revocation detainer. Accordingly, the Motion for Reconsideration shall be denied.

\_\_11/28/05_____          _____/s/_____
Date          DEBORAH K. CHASANOW
        United States District Judge